# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARY GOLISCH,

    *Plaintiff,*

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    *Defendant.*

Case No. 15-cv-9256-EFM

## MEMORANDUM AND ORDER

Plaintiff Mary Golisch seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges that the new evidence she submitted to the Appeals Council undermines the administrative law judge's ("ALJ's") findings. She also alleges that the ALJ erred in assessing her credibility. Upon review, the Court finds that the new evidence Golisch submitted to the Appeals Council warrants reconsideration of the ALJ's residual functional capacity ("RFC"). Therefore, the Court reverses the decision of the Commissioner and remands for further consideration.

## I. Factual and Procedural Background

Mary Golisch was born on August 15, 1955. She was fifty-six years old as of her alleged disability onset date. Golisch previously worked for a department store as a customer service representative. On October 8, 2012, she filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning March 30, 2012. Golisch alleged that she was unable to work due to fibromyalgia, restless leg syndrome, migraine headaches, and pancreatitis. Her application was denied initially and upon reconsideration. Golisch then asked for a hearing before an ALJ.

ALJ Ross Stubblefield conducted an administrative hearing on April 24, 2014. Golisch was represented by counsel at the hearing, and she testified about her medical conditions, previous work history, and activities of daily living. The ALJ also heard from a vocational expert at the hearing.

On June 24, 2014, the ALJ issued his written decision, finding that Golisch had not engaged in substantial gainful activity since the alleged onset date. The ALJ found that Golisch suffered from the severe impairments of fibromyalgia, osteoarthritis, obstructive sleep apnea, and restless leg syndrome. However, the ALJ found that these impairments, either alone or in combination, did not meet or medically equal the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ determined that Golisch had the residual functioning capacity ("RFC")

> to perform light work as defined in 20 CF 404.1567(b) involving lifting up to 20 pounds occasionally and 10 pounds infrequently. [Golisch] could sit up to six hours in an eight-hour workday, and she could stand or walk up to six hours in an eight-hour workday, with normal breaks. She could frequently stoop and balance, she could occasionally kneel, crouch, crawl, bend and climb ramps and stairs, but she could never climb ladders, ropes or scaffolds. She must avoid all exposure to extreme cold, vibration, unprotected heights and hazardous machinery.

The ALJ then determined that Golisch is capable of performing her past relevant work as a customer service representative. According to the ALJ, this work does not require the performance of work-related activities precluded by Golisch's RFC. Thus, the ALJ concluded that Golisch has not been under a disability from March 30, 2012, through the date of his decision.

Given this unfavorable result, Golisch sought reconsideration of the ALJ's decision from the Appeals Council. Along with her request for review, Golisch submitted treatment records from 2007, 2012, and 2014. She also submitted a Residual Functional Capacity Questionnaire completed by her treating physician assistant two months after the ALJ issued his written decision. The Appeals Council refused to consider the supplemental medical evidence and denied Golisch's request. As such, the ALJ's June 2014 decision became the final decision of the Commissioner.

On September 10, 2015, Golisch filed a Complaint in the United States District Court, District of Kansas seeking reversal of the ALJ's decision and the immediate award of benefits or, in the alternative, a remand to the Commissioner for further consideration. Given Golisch's exhaustion of all administrative remedies, her claim is now ripe for review before this Court.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial

---

[1] 42 U.S.C. § 405(g).

evidence in the record and whether the ALJ applied the correct legal standard.[2]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3]  The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5]  This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

---

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[11] The claimant bears the burden in steps one through four to prove a disability that prevents performance of her past relevant work.[12] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

---

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

### III.     Analysis

On appeal, Golisch argues that the Commissioner's decision is not supported by substantial evidence of the record as a whole. In support of this argument, Golisch first alleges that the new evidence she submitted to the Appeals Council justifies either remand of her claim or an immediate award of benefits. Second, Golisch alleges that the ALJ erred in assessing her credibility. The Court will address each of Golisch's arguments below.

**A.     Additional Evidence Submitted to the Appeals Council**

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence from the record as a whole.[14] When new evidence is submitted to the Appeals Council, that evidence becomes a part of the administrative record to be considered when evaluating the Commissioner's decision.[15] "[T]he Appeals Council must consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.' "[16] This determination is a question of law and reviewed de novo.

Golisch submitted the following additional evidence to the Appeals Council:

- Treatment records from Mid-America Rheumatology dated March 21, 2007 through April 24, 2007

- Treatment records from Head & Neck Surgery of Kansas City dated October 12, 2012

- Neurological Consultation Report by Micahel Anderson, Ph.D. dated May 8, 2014

---

[14] *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (citations omitted).

[15] *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (citing *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)).

[16] *Box v. Shalala*, 52 F.3d 168, 171 (10th Cir. 1995) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir. 1990)); 20 C.F.R. § 404.970(b).

- Treatment Records from College Park Family Care Center dated April 16, 2014 through August 28, 2014
- Residual Functional Capacity Questionnaire by Leslie Smith, PA-C and Greg Curry M.D. dated August 8, 2014

The Appeals Council considered this evidence but ultimately found that it did not provide a basis for changing the ALJ's decision. Golisch disagrees with this conclusion. She claims that the additional evidence supports a more restrictive RFC with regard to her manipulative limitations and that the new opinion of one of her treating providers undermines the ALJ's RFC assessment. She also claims that the evidence establishes the existence of a new severe impairment.

### 1. Golisch's Manipulative Limitations

At the hearing, Golisch testified that she experiences pain and swelling in her hands and that this pain and swelling makes grasping and lifting difficult. The ALJ, however, did not include any manipulative limitations in his RFC assessment. Golisch contends that the evidence she submitted to the Appeals Council provides a basis for changing this RFC. In support of this argument, Golisch points to the 2007 treatment notes from rheumatologist Kathryn Welsh, M.D., which state that she experienced numbness and tingling in her hands after neck surgery. She also points to the opinion of her treating provider, Leslie Smith, PA-C, who opined that, during an eight-hour work day, Golisch could only use her fingers twenty-five percent of the time and grasp, turn, and twist objects ten percent of the time.

Contrary to Golisch's argument, this evidence does not support a more restrictive RFC. Although Smith opines that Golisch is unable to use her hands for the vast majority of the work day, the medical records from College Park Family Care, where she practices, do not support this opinion. For example, a complete physical from May 2014 showed that Golisch had normal

strength in her arms and legs and no abnormalities. An examination from April 2014 showed normal motor strength and no coordination problems, and an examination from 2012 showed a normal physical examination. Only the 2007 treatment notes from Dr. Welsh show that Golisch experienced some difficulty with her hands after neck surgery. The Court finds these treatment notes to be an inconsequential outlier, as the remaining medical records do not reveal that Golisch experienced any problems her hands. Thus, the new evidence does not support a more restrictive RFC assessment with regard to Golisch's manipulative limitations.

### 2.  Additional Treating Source Opinion

Golisch next contends that her claim should be remanded based on the opinion of her treating physician assistant, Leslie Smith, PA.C. The facility at which Smith practices has treated Golisch since 2003. Smith herself treated Golisch from her onset date and as many as fifteen times in 2014. Smith opined that Golisch's symptoms would "constantly" interfere with her ability to sustain attention and concentration necessary for simple work tasks. Physically, Smith opined that Golisch would be capable of sitting and standing/walking for less than two hours in an eight hour work day. She noted that Golisch would be capable of reaching for only twenty percent of an eight hour workday and handling up to ten percent in an eight hour work day. She also opined that Golisch would only occasionally be capable of lifting ten pounds. Finally, she opined that Golisch would miss for than four days of work per month because of her impairments.

Golisch argues that the Commissioner erred by failing to give controlling weight to Smith's opinion. A treating physician's opinion must be given "controlling weight," provided

that opinion is well-supported and not inconsistent with substantial evidence in the record.[17] A well-supported opinion is one that is supported by medically acceptable clinical and laboratory diagnostic techniques.[18] Furthermore, a well-supported opinion need not be directly supported by all the evidence of record to be consistent.[19] There must be no other substantial evidence in the record that contradicts or conflicts with the opinion.[20]

Here, the Court finds that Smith's opinion is not consistent with both her own treatment notes and the rest of the medical evidence in the record. As previously noted, Smith's treatment records do not show limitations similar to those she identified. Smith's examination in August 2014 showed that Golisch's extremities had no deformity or loss of function, that her gait was normal, and that she otherwise had no physical abnormalities. A physical conducted by Smith in May 2014 showed some mild tenderness in her lower back as well as moderate spasm, but also full range of motion in her back and extremities, normal strength in her arms and legs, normal gait, and no other abnormalities. Three other treatment records from 2012 and 2014 also showed no functional abnormalities and normal physical examination.

A review of the remaining medical evidence in the record reveals the same result. A consultative examination in January 2013 showed that Golisch experienced some mild tenderness but otherwise had normal range of motion in her extremities and back and a normal gait. The examining physician from that consultation opined that Golisch had no limitations in

---

[17] SSR 96-2p, 1996 WL 374188, at *2.

[18] *Id*.

[19] *Id*. at *3.

[20] *Id*.

sitting, standing, or walking, and that she could lift up to 20 pounds. A state agency consulting physician also assessed that Golisch's limitations were consistent with light work.

Overall, Smith's opinion is inconsistent with substantial evidence in the record. Therefore, her opinion is not entitled to controlling weight and does not undermine the ALJ's decision.[21] The Court declines to remand Golisch's claim on this basis.

### 3. New Severe Impairment

Golisch argues that the mental health evaluations completed the week before and after the hearing are evidence of a new severe impairment. The week before the hearing, Golisch saw Laura Reilly, M.D., for a neurological consultation. At that appointment, Golisch described short term memory difficulties, reporting that she often forgets portions of movies as well as things that her husband just told her. Following the evaluation, Dr. Reilly noted that Golisch missed three out of five immediate recall objects and both math questions. Dr. Reilly also noted that Golisch drew her clock face incorrectly, which is suggestive of mild cognitive decline. The following month, Golisch saw Michael Anderson, Ph.D., for a neuropsychological evaluation. Testing revealed that Golisch's visual language was borderline to mildly impaired and her auditory verbal recall was notable for a modestly impaired learning curve. Dr. Anderson diagnosed Golisch with mild cognitive impairment.

According to Golisch, this evidence shows the existence of a medically determinable impairment and this impairment should be classified as severe. The Commissioner responds that this evidence is not sufficient to undermine the substantial evidence the ALJ identified showing that Plaintiff does not have a severe mental impairment. The Commissioner also argues that

---

[21] *See* 20 C.F.R. § 404.1527(c)(4).

even if the ALJ should have identified a severe mental impairment at step two, this still does not merit reversal because such error is harmless.

At step two, the ALJ examined Golisch's anxiety by applying the Commissioner's psychiatric review technique set out in 12.00C of the Listing of Impairments.[22] The ALJ noted that with regard to concentration, persistence or pace, Golisch alleged problems with understanding and remembering information as well as problems completing tasks. The ALJ also noted, however, that despite Golisch's symptoms, she reported that she does not forget things such as leaving on the stove or becoming lost while driving. The ALJ also reported that Golisch had normal cognition and affect on examination and is able to follow instructions. Overall, the ALJ concluded that Golisch's medically determinable mental impairments cause no more than "mild" limitation and no episodes of decompensation, and thus, they are nonsevere.

The ALJ's RFC assessment is discussed at pages four through eight of his decision. The only reference the ALJ makes to Golisch's mental health impairments is the opinion of Dr. Bergmann-Harms, who opined that Golisch has no severe mental health impairment. The ALJ gave this opinion great weight, as it was consistent with Golisch's lack of treatment for her mental health symptoms.

After looking at the additional evidence, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence. Although Golisch primarily argues that her evidence shows the existence of a new severe impairment, the real problem is not whether the impairment was classified as severe, but whether it was included in formulating the RFC. The ALJ is required to consider all medically determinable impairments, whether or not they are classified

---

[22] 20 C.F.R., Part 404, Subpart P, Appendix 1.

as severe, in formulating the RFC.[23] A medically determinable impairment is one "which can be shown by medically acceptable clinical and laboratory diagnostic techniques."[24] A "mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms."[25]

In this case, Dr. Anderson diagnosed Golisch with mild cognitive impairment. This diagnosis qualifies as a medically determinable impairment because it was based on medically acceptable clinical and diagnostic techniques. Dr. Anderson did not make this diagnosis solely based on Golisch's statements but on six objective tests used to evaluate Golisch's symptoms. Therefore, this impairment must be considered in assessing Golisch's RFC.

The only mental impairment the ALJ considered in formulating Golisch's RFC was anxiety. The ALJ obviously did not consider Golisch's diagnosis of mild cognitive impairment because Golisch first submitted evidence of this impairment to the Appeals Council. It's not clear whether the Appeals Council considered this new impairment in reviewing the ALJ's RFC. The Appeals Council's decision makes no mention of Dr. Reilly's and Dr. Anderson's reports and only generally states that the additional information provided by Golisch "does not provide a basis for changing the Administrative Law Judge's decision." Thus, the Court finds that the ALJ's RFC is not support by substantial evidence because it is not clear whether all medical impairments were considered in formulating Golisch's RFC.[26] The Court therefore remands this

---

[23] 20 C.F.R. §§ 404.1523, 404.1545(a)(2).

[24] 20 C.F.R. § 404.1508.

[25] *Id*.

[26] *See Roland v. Colvin*, 2013 WL 4401880, at *6 (D. Kan. Aug. 15, 2013) (remanding the case because "the Appeals Council's decision offers nothing to show that it properly evaluated this new evidence and that it did anything more than 'perfunctorily adhere' to the ALJ's decision"); *see also Harper v. Astrue*, 428 F. App'x 823, 2011 WL 2580336, at **2-3 (10th Cir. 2011)).

case so that the Commissioner may consider all of Golisch's medically determinable impairments, Golisch's severe impairments or severe combination of impairments, and the limitations that result from these impairments.[27]

## B. The ALJ's Credibility Determination

Recognizing that "some claimants exaggerate symptoms for the purposes of obtaining government benefits,"[28] an ALJ's credibility determination is generally treated as binding on review.[29] "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.[30] The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[31] However, notwithstanding the deference generally given to an ALJ's credibility determination, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[32]

In evaluating a disability claim based on nonexertional symptoms, including pain, the ALJ must first determine whether the objective medical evidence demonstrates that a claimant

---

[27] Because all medically determinable impairments must be considered in formulating the RFC, the Court rejects the Commissioner's argument that it was only harmless error for the ALJ not to consider Golisch's additional mental impairment of mild cognitive impairment in determining her RFC. See *Ireland v. Colvin*, 2014 WL 7185008, at *6 (D. Kan. Dec. 16, 2014) (finding that it was not harmless error when and ALJ did not include a medically determinable impairment in the RFC analysis).

[28] *Bolan v. Barnart*, 212 F. Supp. 2d 1248, 1260 (D. Kan. 2002) (citing *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987)).

[29] *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).

[30] *Wilson*, 602 F.3d at 1144 (quoting *Diaz*, 898 F.2d at 777); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

[31] *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

[32] *Wilson*, 602 F.3d at 1144 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1998)).

suffers from an underlying medically determinable physical or mental impairment.[33] If so, the ALJ must consider the relationship between the impairment and the alleged nonexertional limitation.[34] If a loose nexus exists, the ALJ must then consider all the evidence, both objective and subjective, in determining whether a claimant's limitation is disabling.[35] Factors that may be relevant in assessing the claimant's testimony include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of non-medical testimony with objective medical evidence.[36]

In this case, the ALJ found Golisch to be partially credible. He noted that her ability to perform daily activities was inconsistent with her alleged limitations. He also noted that her allegations of ongoing symptoms were inconsistent with the lack of medical evidence after early 2013. Golisch argues that these findings are not supported by substantial evidence in the record. The Court disagrees.

The ALJ's determination that Golisch's activities of daily living are inconsistent with her alleged limitations is supported by substantial evidence. Golisch testified at the hearing that she drives, goes grocery shopping, performs some household chores, and cares for her teenage grandson on the weekends. Thus, the ALJ reasonably considered this factor in finding Golisch only partially credible.

---

[33] *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987).

[34] *Id.* at 164.

[35] *Id*.

[36] *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (quotation marks and citation omitted).

Similarly, the ALJ's credibility finding based on the lack of treatment records is also supported by the record. As the ALJ observed, the record before him lacked medical records after early 2013. Golisch asserts that the additional evidence she submitted to the Appeals Council containing her treatment records from 2014 resolves this issue. However, this evidence actually supports the ALJ's credibility finding and not Golisch's argument. As noted above, Golisch's physical exam records show no physical abnormalities, a normal gait, and no deformity or loss of function. Thus this medical evidence does not undermine the ALJ's credibility determination.

As stated above, the Court will not reweigh the evidence or substitute its own judgment for that of the ALJ.[37] Here, the ALJ articulated specific reasons for finding Golisch not fully credible, and these reasons are supported by substantial evidence in the record, including the new evidence Golisch submitted to the Appeals Council. Accordingly, Golisch's assignment of error with regard to credibility is without merit.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **REVERSED**, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) **REMANDING** the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED**.

Dated this 25th day of August, 2016.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[37] *Hackett*, 395 F.3d at 1173.