# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARY GOLISCH,

    *Plaintiff,*

vs.

    Case No. 15-cv-9256-EFM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Mary Golisch's Motion for Attorney Fees (Doc. 15) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes the motion, arguing that the Commissioner's position in this litigation was substantially justified and the fee amount Plaintiff seeks is unreasonable. Because the Court concludes a fee award is warranted under the EAJA, the Court grants Plaintiff's motion.

### I.  Factual and Procedural Background

On October 8, 2012, Plaintiff filed a Title II application seeking disability benefits as of March 30, 2012. Plaintiff alleged an inability to work due to fibromyalgia, restless leg syndrome, migraine headaches, and pancreatitis. Her application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Adminstrative Law Judge ("ALJ"), which was held on April 24, 2014. Although the ALJ found that Plaintiff suffered from various

severe impairments, the ALJ denied Plaintiff's application on June 24, 2014. Plaintiff appealed the ALJ's decision to the Appeals Council. As part of her appeal, she submitted additional medical evidence regarding her conditions. The Appeals Council considered this evidence and found that it did not provide a basis for changing the ALJ's decision. The Appeals Council denied Plaintiff's appeal on July 30, 2015, making the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a Complaint in this Court on September 10, 2015. In her brief to the Court, Plaintiff raised several issues regarding the evidence she submitted to the Appeals Council and the ALJ's decision. Only one issue, however, required remand. Plaintiff argued that the new evidence she submitted to the Appeals Council showed the existence of an additional severe mental impairment that was not considered by the ALJ. The Commissioner disputed this, arguing that Plaintiff's new evidence did not undermine the ALJ's finding that Plaintiff did not have a severe mental impairment and that the ALJ's residual functional capacity ("RFC") analysis was supported by substantial evidence in the record. While the Court did not unequivocally accept Plaintiff's argument, it did conclude that the new evidence showed the existence of an additional mental impairment—a mild cognitive impairment—and that it was not clear from the Appeals Council's decision whether this impairment was considered when affirming the ALJ's RFC assessment. Thus, the Court reversed the ALJ's decision and remanded for the ALJ to consider all of Plaintiff's medically determinable impairments, Plaintiff's severe impairments or severe combination of impairments, and the limitations that result from these impairments.

According to the record, Plaintiff's claim is currently pending before the Commissioner pursuant to the Court's remand. Plaintiff now moves the Court for an award of attorney fees and

-2-

her filing fee under the EAJA. Plaintiff asks the Court to award her $5,437.74 in attorney fees for the 29.5 hours her counsel worked researching and brief writing while advocating Plaintiff's case and $400 in filing fees. The Commissioner opposes the motion, arguing that she is not entitled to fees under the EAJA. Plaintiff's motion is ripe for the Court's review.

## II.     Legal Standard

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that United States' position was substantially justified or that special circumstances make an award unjust.[1] Under the EAJA, a prevailing party is a plaintiff who has obtained a remand under sentence four of 42 U.S.C. § 405(g).[2] That sentence allows the district court to remand the case in conjunction with a judgment reversing, modifying, or affirming the Commissioner's decision.[3]

The Commissioner bears the burden to show that her position was substantially justified.[4] To do this, the Commissioner must show that the government's position was "justified to a degree that could satisfy a reasonable person."[5] In other words, the Commissioner must show that her position had a reasonable basis in law and fact.[6] "The government's 'position can be [substantially] justified even though it is not correct.' "[7]

---

[1] 28 U.S.C. § 2412(d)(1)(A); *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

[2] *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

[3] 42 U.S.C. § 405(g).

[4] *Gilbert*, 45 F.3d at 1394.

[5] *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted).

[6] *Id*.

[7] *Id*. at 1172 (quoting *Pierce*, 487 U.S. at 566 n.2)

The EAJA defines the government's position to include both the position taken by the Commissioner in the civil action (the government's "litigation position") and the agency's failure to act in the underlying proceeding in which the litigation is based (the government's "prelitigation position").[8]  The general rule is that EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position."[9]  The Court looks to the record in the civil proceeding, as well as the agency record, to determine whether the government's position was substantially justified.[10]

### III.   Analysis

Plaintiff is a prevailing party under the EAJA.[11]  Therefore, the only issues remaining are whether the Commissioner's position was substantially justified and whether the amount of attorney fees requested is reasonable.  The Court will address each of these issues below.

**A.   The Commissioner's Prelitigation Position is Not Substantially Justified.**

The Court remanded the case because it found that the new evidence submitted to the Appeals Council showed the existence of a mild cognitive impairment and it was not clear from the Appeals Council's decision whether it considered this impairment in reviewing the ALJ's RFC assessment.  The Appeals Council's actions or failure to act are part of the government's

---

[8] 28 U.S.C. § 2412(d)(2)(D).

[9] *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)) (internal quotation marks omitted).

[10] 28 U.S.C. § 2412(d)(1)(B).

[11] *See Shalala*, 509 U.S. at 302 (stating that receiving "a sentence-four judgment reversing the Secretary's denial of benefits" meets the prevailing part status under the EAJA).

prelitigation position.[12]  The Court must therefore determine whether the Appeals Council was substantially justified in upholding the ALJ's RFC assessment.

The Commissioner argues that the Appeals Council's decision was substantially justified because the Appeals Council stated that it considered the new evidence submitted by Plaintiff and such information did not provide a basis for changing the ALJ's decision.  This argument, however, fails to show that the Appeals Council's decision has a reasonable basis in fact and law.  The new evidence Plaintiff submitted to the Appeals Council showed the existence of an additional mental impairment—a mild cognitive impairment.  Under the regulations, all mental impairments, whether they are classified as severe or not, must be considered by the ALJ in formulating the RFC.[13]  Furthermore, both this Court and the Tenth Circuit have remanded cases where the Appeals Council's decision does not adequately show that it properly evaluated new evidence.[14]  Here, the Appeals Council's only statement regarding the new evidence was that it "does not provide a basis for changing the Administrative Law Judge's decision."  This single statement is not sufficient to show that the new impairment was properly considered when evaluating Plaintiff's RFC.  Therefore, the Commissioner has not met her burden to show that

---

[12] *See Stumbaugh v. Astrue*, 2011 WL 1344416, at *2 (D. Colo. Apr. 7, 2011) (explaining that the Appeals Council's decision is part of the government's position and that it must be substantially justified to avoid an attorney fee award).

[13] 20 C.F.R. §§ 404.1523, 404.1545(a)(2).

[14] *See Roland v. Colvin*, 2013 WL 4401880, at *6 (D. Kan. Aug. 15, 2013) (remanding the case because "the Appeals Council's decision offers nothing to show that it properly evaluated this new evidence and that it did anything more than 'perfunctorily adhere' to the ALJ's decision"); *see also Harper v. Astrue*, 2011 WL 2580336, at **2-3 (10th Cir. June 30, 2011)).

her prelitigation position was substantially justified, and Plaintiff is entitled to attorney fees under the EAJA.[15]

### B.     Plaintiff's Requested Fee Amount Is Reasonable.

Plaintiff, as the fee applicant, bears the burden of showing that the requested fee is reasonable.[16] District courts have "substantial discretion in fixing the amount of an EAJA award."[17] "Exorbitant, unfounded, or procedurally defective fee applications" may be discounted by the court.[18] In this case, Plaintiff seeks an award of $5,437.74 in attorney fees. This request is supported by counsel's itemization showing 29.5 hours of work at the hourly rate of $184.33.

#### 1.     Hourly Rate

Under the EAJA, the hourly rate for attorney fees must be based on prevailing market rates for the same kind and quality of work.[19] The EAJA caps the hourly rate at $125 per hour unless the court determines that a cost of living increase or special factor justifies a higher rate.[20] Courts follow a two-step procedure for determining whether an hourly rate is reasonable. "First, the court must determine the prevailing market rate for similar services provided by lawyers 'of

---

[15] *See Hackett*, 475 F.3d at 1174 (stating that attorney fees should be awarded when the government's prelitigation position is not substantially justified).

[16] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

[17] *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).

[18] *Id*.

[19] 28 U.S.C. § 2412(d)(2)(A).

[20] *Id*.

reasonably comparable skill, experience, and reputation.' "[21]  Second, the court must decide whether an increase in the cost of living or a special factor justifies a rate increase.[22]

The Commissioner has not objected to Plaintiff's counsel's proposed rate, and the Court concludes that it is reasonable.  In this district, the prevailing market rate is greater than $125 per hour.[23]  Furthermore, the Court agrees that an increase in the cost of living justifies increasing the rate above the statutory cap of $125 per hour.[24]  Therefore, the Court finds that an hourly rate of $184.33 is reasonable for counsel's work in this case.

### 2. Expenditure of Time

To determine the reasonableness of the number of hours expended, the party seeking attorney fees "must submit evidence supporting the hours worked."[25]  Courts in this district usually abide by the rule that "the typical EAJA fee application in social security cases is between 30 and 40 hours."[26]  In this case, Plaintiff requests an award for approximately 29.5 hours of work.  To support this request, Plaintiff's attorney attached an itemized log listing the date, a brief description of each task performed, and the hours spent on each task.

---

[21] *Culler v. Massanari*, 2001 WL 1718033, at *1 (D. Kan. Dec. 20, 2001) (quoting *Umscheid v. Apfel*, 2 F. Supp. 2d 1438, 1440 (D. Kan. 1998)).

[22] *Id*. at *2 (citations omitted).

[23] *See, e.g., MacDonald v. Colvin*, 2016 WL 55270, at **2-3 (D. Kan. Jan. 5, 2016) (awarding fees at an hourly rate of $189.95 for work in 2015 and $190.09 for work in 2014); *Beard v. Colvin*, 2016 WL 30655, at *2 (D. Kan. Jan. 4, 2016) (awarding an hourly rate of $187.50); *Bruce v. Colvin*, 2015 WL 7078939, at *4 (D. Kan. Nov. 13, 2015) (determining that an hourly rate of $188.60 was appropriate for work performed in 2014).

[24] *See Beard*, 2016 WL 30655, at *2 (concluding that an inflation-adjusted rate based on an increase in the cost of living was appropriate).

[25] *Hinck v. Colvin*, 2015 WL 6473562, at *2 (D. Kan. Oct. 27, 2015) (quoting *Hensley*, 461 U.S. at 433-34) (internal quotation marks omitted).

[26] *MacDonald*, 2016 WL 55270, at *2 (internal quotation marks and citation omitted).

The Commissioner objects to this amount of time, arguing that it is unreasonable because Plaintiff's only successful argument was not valid on its face. Plaintiff argued in her brief that the Appeals Council erred by failing to find that the new evidence she submitted showed the existence of an additional severe mental impairment. In its decision, the Court concluded that the evidence did show the existence of a new impairment and the issue was not whether that impairment was classified as severe but whether it was considered in formulating the RFC. The Commissioner argues that because the Court had to restate Plaintiff's argument to rule in her favor, Plaintiff's counsel should not receive a fee for drafting that argument. The Court disagrees.

While the Court did restate Plaintiff's argument to a certain extent, Plaintiff's counsel initially raised the issue of whether the evidence Plaintiff submitted to the Appeals Council showed the existence of an additional mental impairment not considered by the ALJ. Had Plaintiff's counsel not raised this issue, the Court certainly would not have addressed it on its own. Furthermore, the fact that this argument was Plaintiff's only successful one in her appeal is of little consequence. The Supreme Court has stated that the fee award should not be reduced just because the plaintiff did not prevail on every contention raised in the litigation.[27] It is the successful result that matters.[28]

---

[27] *Hensley*, 461 U.S. at 435.

[28] *Id*.

In sum, the Court finds that Plaintiff's counsel reasonably expended 29.5 hours prosecuting Plaintiff's social security appeal at a rate of $184.33 per hour. The Court thus awards reasonable attorney fees of $5,437.74 to Plaintiff as the prevailing party.[29]

Plaintiff also seeks reimbursement of the $400 filing fee. The Commissioner does not object to this request. Therefore, it will be granted as an uncontested motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 15) is GRANTED. Plaintiff is entitled to recover fees in the amount of $5,437.74 plus $400.00 for her filing fee.

**IT IS SO ORDERED**.

Dated this 10th day of March, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[29] As the Commissioner points out, the award must be made payable to Plaintiff as the prevailing party, rather than to her counsel. *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).